UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**CHRIS RANDALL**  **PLAINTIFF**

vs.  **CIVIL ACTION NO. 3:21-CV-378-CRS**

**T T OF C. LOUISVILLE, INC., et al.**  **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on the motion of the defendants, T T of C. Louisville, Inc. d/b/a Louisville Chrysler Dodge Jeep Ram and American Credit Acceptance, LLC, to dismiss for failure to prosecute. DN 21. For the reasons stated below, the Court will grant the motion to dismiss.

## I. BACKGROUND

Plaintiff Chris Randall filed suit against the defendants in June 2021, alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and various state law claims. DN 1. In February 2022, the Court granted the defendants' motions to compel arbitration, and stayed the action. DN 13. On August 5, 2022, Steven C. Shane moved to withdraw as counsel for the plaintiff. DN 17. On August 15, 2022, the Court granted that motion with an order stating: "Plaintiff shall notify the Court, in writing, of his intention to retain new counsel or proceed pro se in this matter within thirty (30) days of the entry of this order." DN 20. On September 19, 2022, the defendants filed a motion to dismiss the complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). DN 21. The plaintiff has not responded to the Court's order or to the defendants' motion. On November 26, 2022, the Court ordered the plaintiff to show

cause in writing within fourteen days why the case should not be dismissed with prejudice for failure to prosecute. DN 22. Plaintiff failed to respond as ordered.

## II. LEGAL STANDARD

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Sixth Circuit has articulated four factors for courts to consider in evaluating whether dismissal under Rule 41(b) is appropriate:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

## III. DISCUSSION

Based on a review of the Rule 41(b) factors, the sanction of dismissal is appropriate at this time. The first factor requires that the plaintiff's "conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Id.* at 591 (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). Here, Randall has failed to respond as required by two of this Court's orders. He has also failed to respond to the defendants' motion to dismiss. Randall's conduct demonstrates a reckless disregard for the effect of his conduct on these proceedings, and the Court finds the first factor weighs in favor of dismissal.

In considering the second factor, the Sixth Circuit has found that a "defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in

pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Here, the defendants have suffered prejudice as they have wasted efforts attempting to contact Randall to pursue arbitration (DN 21, at PageID # 170) and have been prevented from developing their defense while Randall has been without counsel and unresponsive. Thus, the second factor weighs in favor of dismissal.

The third factor, whether the plaintiff was warned his conduct could lead to dismissal, has been satisfied. The Court's show cause order warned Randall that the Court was considering dismissal. DN 22. Defendants' motion to dismiss provided additional notice that failure to prosecute could result in dismissal. Therefore, the third factor supports dismissal.

The fourth factor for the Court to consider is whether sanctions less drastic than dismissal would serve the interests of justice. Dismissal is appropriate where "*no alternative sanction* would protect the integrity of the pretrial process." *Mulbah*, 261 F.3d at 594 (quoting *Carter v. City of Memphis*, *Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980)). Plaintiff has not responded as ordered by the Court on two occasions, and it is unlikely that warnings or lesser sanctions would be effective. Therefore, the Court finds dismissal with prejudice an appropriate sanction.

## IV.  CONCLUSION

Accordingly, the Court finds that the plaintiff's claims should be dismissed with prejudice for failure to prosecute. A separate order will be entered in accordance with this opinion.

December 21, 2022



Charles R. Simpson III, Senior Judge
United States District Court